UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation, | No. 2:14-cv-02328-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| AGRICULTURAL MANAGEMENT AND PRODUCTION COMPANY, INC., and ROBERT SMYTHE, | |
| Defendants. | |

This matter is before the court on plaintiff's motion for leave to file a first amended complaint. (ECF No. 18.) Defendants neither opposed nor filed a notice of non-opposition. The court finds the motion appropriate for decision without oral argument. As explained below, the court GRANTS the motion.

I.   BACKGROUND

Plaintiff commenced this action under the Federal Water Pollution Control Act, 33 U.S.C. § 1251, *et seq.*, on October 6, 2014. (ECF No. 1 ¶ 1.) The complaint alleges defendants have not obtained a necessary permit for their mine facility, which allegedly discharges polluted surface water into Little Cow Creek in violation of the Act. (*Id.* ¶¶ 5–6.) Defendants have answered. (ECF No. 8.) The court held a status conference on February 5, 2015, and

subsequently issued a status order on February 12, 2015 (Order, ECF No. 16). In the status order, the court noted as follows: "Plaintiff may seek to amend the complaint. The parties shall meet and confer regarding amending the complaint and file a joint stipulation to amend, or plaintiff shall file a motion to amend, by March 8, 2015." (*Id.* at 2.) Consistent with the court's directive, plaintiff filed the instant motion on March 8, 2015. (ECF No. 18.) As noted above, defendants have not opposed the motion.

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states, "The court should freely give leave [to amend] when justice so requires[,]" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props.*, 866 F.2d at 1160 (internal citations omitted); *see also Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Id.* It is "the touchstone of the inquiry under [R]ule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). A court's decision to grant or deny leave to amend rests in the sound discretion of the district court and is reviewed for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

III.    DISCUSSION

Plaintiff seeks to amend the complaint in the following manner: (1) to add claims for breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation and negligence and (2) to join Agricultural Management and Production Company, LLC, which plaintiff states is the successor in interest to defendant Agricultural

1  Management and Production, Inc.  (ECF No. 18 at 2.)  Plaintiff has provided sufficient
2  justification for amending the complaint.
3        After defendants were served with the original complaint, they produced an
4  unsigned settlement agreement between themselves and plaintiff dated October 1997, purporting
5  to bar plaintiff's claims in this action.  (*Id.*)  Because defendants were unable to produce a signed
6  copy of that agreement, the parties proceeded with this action.  (*Id.*)  However, on the day before
7  the status conference, defendants produced a signed copy of the settlement agreement, which
8  Robert Smythe had delivered to his counsel's office the day before.  (Baker Decl. at 1, ECF No.
9  14.)  Plaintiff was unaware of the agreement before filing the original complaint.  (ECF No. 18 at
10 3.)  "The lack of institutional memory . . . is primarily due to the unfortunate passing of Plaintiff's
11 counsel in that matter, . . . who was killed in the terrorist attacks of September 11, 2001."  (*Id.*)
12 At the status conference, plaintiff informed the court of those circumstances, and the court
13 granted thirty days for the parties either to stipulate to the filing of an amended complaint or for
14 plaintiff to file a motion for leave to amend the complaint.  (ECF No. 15.)
15        Because plaintiff has provided sufficient justification for an amendment, the
16 burden shifts to defendants to show justice requires denial.  Defendants have not opposed the
17 motion, and there is no evidence in the record showing "strong evidence" of undue delay, undue
18 prejudice, bad faith, futility, or dilatory motive on plaintiff's part.  *See Sonoma Cnty. Ass'n of*
19 *Retired Employees*, 708 F.3d at 1117.  Hence, defendants cannot meet their burden of persuasion.
20        Accordingly, the court GRANTS plaintiff's motion and DIRECTS plaintiff to file
21 on the docket the first amended complaint in the form proposed in connection with plaintiff's
22 motion, within fourteen days of the date of this order.  This order resolves ECF No. 18.
23        IT IS SO ORDERED.
24 DATED:  May 15, 2015.

_____
UNITED STATES DISTRICT JUDGE

3